IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BOBBY FORD, N20126, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LATOYA HUGHES, | ) | |
| PAIGE LONG, | ) | |
| ANTHONY WILLS, | ) | |
| KEVIN REICHERT, | ) | |
| SCOTT A. BORGETTI, | ) | |
| MAHESH PATEL, | ) | **Case No. 26-cv-451-DWD** |
| DR. YOUNG, | ) | |
| REVA ENGELAGE, | ) | |
| LT. WALLER, | ) | |
| C/O GARCIA, | ) | |
| C/O RIGGINS, | ) | |
| C/O BARNES, | ) | |
| C/O MCDONALD, | ) | |
| SANDY L. WALKER, | ) | |
| RYAN A. LYNCH, | ) | |
| ANTHONY JONES, | ) | |
| JEFFREY OLSON, | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Bobby Ford, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pontiac Correctional Center, brings this civil rights action for alleged deprivations of his constitutional rights at several Illinois prisons. (Docs. 1, 7)[1].

---

[1] Plaintiff filed an Amended Complaint about a month after filing the original pleading, and before the Court conducted any initial review of the pleadings or commenced service of process. As such, Plaintiff's Amended Complaint is allowed as a matter of right under Federal Rule of Civil Procedure 15(a)(1), and the Court treats the Amended Complaint as the operative pleading.

Plaintiff complains about the way he received a medication, about disciplinary proceedings, and about alleged retaliation by staff.  At the time of filing the Complaint, Plaintiff also applied to proceed *in forma pauperis* (IFP).  (Docs. 2, 8).  According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment without payment of a fee (or as a pauper) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

When setting forth his litigation history in the Amended Complaint (Doc. 1), Plaintiff clearly states that he has filed at least 22 previous lawsuits, and that although he does not recall the names or case information about many of the cases, he knows that he has "3" strikes.  (Doc. 7 at 4).

Court documents are public records, and the Court can take judicial notice of them. *Hensen v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).  To better understand Plaintiff's litigation and strike history, the Court conducted a search of the PACER electronic database.  The search revealed that on January 9, 2014, the Seventh Circuit Court of Appeals implemented a filing bar that directed all federal courts within the circuit to return all papers submitted on behalf of Plaintiff unfiled until he paid all outstanding fees.  *Ford v. Lemke*, Case No. 13-2997 (7th Cir. Jan. 9, 2014).  After several unsuccessful requests, the Seventh Circuit lifted the bar on November 17, 2025.  *Id.* (7th Cir. Nov. 17, 2025).  At the time that the ban was lifted, the Seventh Circuit cautioned that

"any future attempt [by Ford] to litigate without prepayment, or satisfying the imminent-danger requirement, will lead to a new filing bar order." *Id.* Because Plaintiff has accumulated at least 3 strikes for purposes of § 1915(g), he may not proceed IFP in this or any other pending case in federal court unless he is in imminent danger of serious physical injury.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* The imminent danger exception to § 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is 'serious physical injury'...." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (*citing Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

The Court looks to the allegations set forth in the original Complaint when determining whether Plaintiff faced imminent danger of serious physical injury. *See Ciarpaglini*, 352 F.3d at 330. Plaintiff's complaint focuses primarily on incidents that occurred months or years before he filed this suit on April 7, 2026. Specifically, he complains that in 2023 he was dissatisfied when employees at Illinois River Correctional Center began forcing him to attend a medication distribution line to secure his Dovoto prescription, instead of allowing him to keep the medication on his person. (Doc. 7 at 9).

He alleges that this eviscerated anonymity that he desired for his HIV medication. (*Id.* at 9-10). He alleges he asked Drs. Patel, Borgetti, and Young (outside care providers) to direct the prison to let him keep the medication on his person but had no success with these requests. (*Id.* at 10-11). Plaintiff alleges that Illinois River, Menard, and Pontiac all follow the practice of forcing inmates to get their medications dose by dose at a medication line, which he finds to be degrading. (*Id.* at 10).

Next, Plaintiff faults Defendant Nurse Reva for allegedly telling him in August of 2023 that Illinois prison medical staff have total control over his medication. (Doc. 7 at 11). He claims that this somehow places him in imminent danger and adds that he is also dying of prostate and colon cancer. (*Id.*). Plaintiff alleges he was informed of cancer in November of 2024, but staff is retaliating, allowing his diseases to progress to terminal stage, and refusing to prescribe his Dovoto in the fashion he prefers. (*Id.*). Plaintiff also faults Defendants Hughes, Reichert, and Wills for knowing of the policy to force HIV inmates to receive their medication in a non-private setting, and failing to correct the issue. (*Id.* at 12).

Plaintiff then alleges that in January of 2026, an unknown correctional officer directed an inmate to throw a substance on his face for writing a grievance about a co-worker. (Doc. 7 at 12). He alleges the liquid caused a month of blindness in his left eye, and it caused him to fear further retaliation. (*Id.*).

Plaintiff alleges that in May of 2023, Defendants Garcia, Barnes, and McDonald, participated in retaliatory discipline when he was punished for using a mirror to see out of his cell, and a shakedown of his cell produced alleged contraband. (Doc. 7 at 12-14).

Plaintiff faults numerous defendants for the disciplinary proceedings that resulted from the mirror and the alleged contraband. (*Id.*). The attached Adjustment Committee summaries for the two disciplinary issues reflect that Plaintiff received a total of 3 months for one infraction and 14 days in segregation for the other infraction. (Doc. 7 at 22-25).

Finally, Plaintiff alleges that he amended his complaint because "two officers" came to his cell in early May, handcuffed him, placed him in a room and asked him to drop this lawsuit. (Doc. 7 at 14). He alleges that when he refused, they beat him and sodomized him. He alleges that the officers did not wear badges but told him they work at Menard. He claims that this left him fearing for his life, and that he has been denied medical care. (Doc. 7 at 14-15).

In support of the complaint, Plaintiff submitted random grievance documents, excerpts of medical records, and disciplinary documents. He seeks monetary compensation. (Doc. 7 at 16).

Plaintiff's amended complaint is riddled with issues and does not satisfy the requirement to demonstrate imminent danger. The complaint clearly contains claims that are misjoined and do not belong in a single action. Plaintiff complains of medication distribution at Illinois River in 2023 and later complains about medication distribution at Menard in 2023. He then alleges that in 2024 he learned he had colon and prostate cancer but has not received treatment. In addition to the medical issues, he alleges that he was improperly disciplined in May of 2023 by many defendants who have no apparent connection to the medical issues. Finally, he alleges that in January of 2026 a John Doe officer directed that a substance be thrown in his eyes out of retaliation, and in May of

2026 unnamed individuals beat him as retaliation for filing this lawsuit.  These allegations concern three or four discrete topics and groups of defendants and are not appropriately joined in a single case.  *See e.g., Dorsey v. Varga*, 55 F.4th 1094, 1103-04 (7th Cir. 2022) (explaining that scattershot complaints with misjoined allegations should be rejected).

The medical issues described in 2023 and 2024 do not establish imminent danger. The issues with the way Dovoto is administered are a matter of personal preference rather than medical necessity, and the allegations do not clearly suggest that Plaintiff was ever entirely deprived of his medication or that the issue continues today, more than two years after the discrete incidents described.  Stale issues do not establish imminence.  Plaintiff's passing mention of prostate and colon cancer, unadorned by more recent information about his medical care, is also insufficient to establish imminence.  Likewise, Plaintiff's challenges to disciplinary proceedings do not suggest imminence.   The discipline identified took place in 2023, and the segregation terms are already long expired.

In the amended complaint, Plaintiff adds that he has allegedly suffered two instances of retaliation for different reasons in 2026.  First, he alleges that in January a prison employee directed an inmate to throw some kind of liquid in Plaintiff's face as retaliation for a grievance.  Plaintiff does not specify if this occurred at Menard or Pontiac, and he does not say anything suggesting he has had or expects to have further encounters with this staff member.  Second, Plaintiff alleges that in May of 2026 unidentified individuals escorted him to a room where he was beaten and sodomized in retaliation for this lawsuit.  Whatever merit these allegations may have, they fail to state a claim. Plaintiff has not associated this most recent spat of retaliation with any of the named

defendants. Factual allegations not linked to a defendant are not sufficient to state a claim. At least the later of the two incidents arose at Pontiac, a facility located within the purview of the Central District of Illinois, though Plaintiff alleges the assailants self-identified as Menard staff. Regardless of where the events arose or who committed these alleged acts, Plaintiff has not said anything to suggest the issue will repeat itself, nor has he suggested he made any effort to exhaust these allegations via the prison's grievance procedure before racing to file this amended pleading.

Of most importance for the analysis in this Order, Plaintiff has not pled any facts that tend to suggest the events in 2026 present an ongoing risk of harm, which would be necessary to establish imminent danger. Assertions of imminent danger that reference only past injuries, or that state fears about the future without a reason to think that danger is imminent do not satisfy this standard. *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010); *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017). Here, the majority of Plaintiff's allegations pertain to things that happened with his medical care in 2023 and 2024. Other than complaining that he does not like the way he is forced to receive his medication and ambiguously asserting he may be dying of colon or prostate cancer, he has said little to nothing about his recent care. It is noteworthy that the events in 2023 and 2024 occurred at Illinois River Correctional Center and Menard, but Plaintiff is now at Pontiac. He said nothing with specificity about the care at Pontiac, other than to allege in passing that he still has to collect his medication at a central distribution point, and he would prefer to have it on his person. These gripes do not establish imminent danger, and the complaint about where medication is received does not establish a claim at all

because inmates are not entitled to demand care. *See Ciarpaglini*, 352 F.3d at 331 (affirming the dismissal of a suit by an inmate with three strikes because his allegations demonstrated a disagreement with care but not a lack of care).

The two recent instances of alleged physical retaliation have no link to one anther and they do not clearly point to potential future harms. The Seventh Circuit has indicated that "fears about the future" do not establish imminent danger, even where an inmate alleged that heat and restricted airflow aggravated his asthma because many risks for asthmatics do not come to pass or turn out not to be serious. *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017). In *Ayoubi v. Hughes*, 2024 WL 1406425 at * 2 (7th Cir. Apr. 2, 2024), the Seventh Circuit found that allegations about prior physical conflicts with cellmates did not establish that potential future danger was imminent, or that the resulting harm would be serious. Like *Ayoubi*, Plaintiff has presented allegations about two past harms in 2026, but he has not provided any allegations to demonstrate imminent future harm. Therefore, Plaintiff's motions to proceed *in forma pauperis* must be denied.

### DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's motions to proceed in forma pauperis (Docs. 2, 8) are **DENIED**.

**IT IS ORDERED** that Plaintiff shall pay the full filing fee of $405.00 for this action within twenty-one (21) days of the date of entry of this Order. If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P.

41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

**IT IS SO ORDERED.**

Dated: May 15, 2026

_____
DAVID W. DUGAN
United States District Judge