**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BOBBY FORD, N20126, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LATOYA HUGHES, | ) | |
| PAIGE LONG, | ) | |
| ANTHONY WILLS, | ) | |
| KEVIN REICHERT, | ) | |
| SCOTT A. BORGETTI, | ) | |
| MAHESH PATEL, | ) | Case No. 26-cv-451-DWD |
| DR. YOUNG, | ) | |
| REVA ENGELAGE, | ) | |
| LT. WALLER, | ) | |
| C/O GARCIA, | ) | |
| C/O RIGGINS, | ) | |
| C/O BARNES, | ) | |
| C/O MCDONALD, | ) | |
| SANDY L. WALKER, | ) | |
| RYAN A. LYNCH, | ) | |
| ANTHONY JONES, | ) | |
| JEFFREY OLSON, | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

Plaintiff Bobby Ford, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pontiac Correctional Center, brings this civil rights action for alleged deprivations of his constitutional rights at several Illinois prisons. (Docs. 1, 7)[1].

---

[1] Plaintiff filed an Amended Complaint about a month after filing the original pleading, and before the Court conducted any initial review of the pleadings or commenced service of process. As such, Plaintiff's Amended Complaint is allowed as a matter of right under Federal Rule of Civil Procedure 15(a)(1), and the Court treats the Amended Complaint as the operative pleading.

On May 15, 2026, the Court determined that Ford had three strikes under 28 U.S.C. § 1915(g) and that he had failed to establish imminent danger, thus it assessed him a fee of $405 dollars to be paid by June 5, 2026. (Doc. 9). Rather than pay the fee, Ford has now moved for reconsideration of the Court's imminent danger analysis.

In the Motion, Ford again walks through his factual allegations beginning in 2023, continuing through multiple prison facilities, and concluding most recent with his present incarceration at Pontiac. (Doc. 10). Unlike the amended complaint, Ford now argues that rather than disagreeing with the way he was receiving his HIV medication, he is now not receiving the medication at all. He also highlights that he was diagnosed with cancer in November of 2024, but he is not receiving any treatment at Pontiac. He argues that without injunctive relief, he will die from the lack of treatment and medication. (Doc. 10 at 3). Ford's tone in the motion is argumentative and accusatory, as he insists the Court "apparently can't understand" the danger he faces. (*Id.* at 4).

Ford does not cite any legal authority for his motion to reconsider. The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (*citing Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling

precedent.'" *Bilek v. Am. Home Mortg. Servicing*, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (*quoting Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (*quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1986)).

Rule 60(b) is available where a movant files within a "reasonable about of time" after final order and judgment. Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1231 (7th Cir. 1983) (internal quotations and citation omitted). Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or any other reason that justifies relief. FED. R. CIV. PROC. 60(b). Rule 60(b) does not allow a party to make "general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). It is not for the Court to "agoniz[e] over whether a motion asserts a ground for relief included in Rule 60(b); it is the movant's task to make its contentions clear." *Id.* at 302.

Applying the standards from Rules 59 or 60, Ford has failed to establish that the Court erred in the earlier imminent danger analysis contained in the May 15, 2026 Order. Rather than point to any sort of legal or factual error, Ford has instead opted to rehash his earlier factual narrative, insisting that the harms he described in his Amended Complaint are ongoing. Motions under Rules 59 and 60 are not vehicles for parties to rehash arguments or to insist their previous arguments should have prevailed. To the

extent that Ford is attempting to add new facts or to elaborate on earlier factual assertions, he says nothing to demonstrate that he could not have presented any of the information contained in his motion earlier for the Court's consideration. Given that Ford is not supplying newly discovered evidence, his elaborations in the motion do not warrant relief under Rules 59 or 60.

Of greatest note, Ford now insists in his motion to reconsider that he is no longer receiving an HIV medication and that he has colon and prostate cancer that are not being treated at Pontiac. Though these allegations come the closest to suggesting imminent danger of all the allegations Ford has made, they remain flawed because they are not associated with any of the named defendants. There is only one John Doe defendant named who works at Pontiac, and the allegations associated with that individual pertain to a January 2026 incident involving hot liquid, and do not pertain to the medication or cancer treatment issues. The Court cannot order injunctive relief that is not associated with the conduct of discrete actors who work at or have control over Ford's present facility. Thus, the allegations about medication and cancer treatment and the demand for associated preliminary injunctive relief are not presently actionable as pled.

### DISPOSITION

**IT IS HEREBY ORDERED** that Ford's motion to reconsider (Doc. 10) is **DENIED**.

Ford shall have until June 22, 2026, to pay the $405.00 fee, failing which this case will be dismissed in full.

**IT IS SO ORDERED.**

Dated: June 3, 2026

DAVID W. DUGAN
United States District Judge