IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BOBBY FORD, N20126, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LATOYA HUGHES, | ) | |
| PAIGE LONG, | ) | |
| ANTHONY WILLS, | ) | |
| KEVIN REICHERT, | ) | |
| SCOTT A. BORGETTI, | ) | |
| MAHESH PATEL, | ) | Case No. 26-cv-451-DWD |
| DR. YOUNG, | ) | |
| REVA ENGELAGE, | ) | |
| LT. WALLER, | ) | |
| C/O GARCIA, | ) | |
| C/O RIGGINS, | ) | |
| C/O BARNES, | ) | |
| C/O MCDONALD, | ) | |
| SANDY L. WALKER, | ) | |
| RYAN A. LYNCH, | ) | |
| ANTHONY JONES, | ) | |
| JEFFREY OLSON, | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Bobby Ford, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pontiac Correctional Center, brings this civil rights action for alleged deprivations of his constitutional rights at several Illinois prisons. (Docs. 1, 7)[1].

---

[1] Plaintiff filed an Amended Complaint about a month after filing the original pleading, and before the Court conducted any initial review of the pleadings or commenced service of process. As such, Plaintiff's Amended Complaint is allowed as a matter of right under Federal Rule of Civil Procedure 15(a)(1), and the Court treats the Amended Complaint as the operative pleading.

On May 15, 2026, the Court reviewed Plaintiff's pleadings and determined that he had three strikes, was the subject of a recently lifted filing ban from the Seventh Circuit, and had not set forth facts demonstrating imminent danger in this new case. (Doc. 9). Based on these findings, the Court gave Plaintiff 21 days to pay the $405 filing fee. Plaintiff sought reconsideration (Doc. 10), but the Court denied his request and re-set the filing fee deadline for June 22, 2026. Plaintiff has now moved for miscellaneous relief (Doc. 12), but has not paid.

Plaintiff's Motion for Miscellaneous Relief (Doc. 12) suggests he may wish to voluntarily dismiss this matter, but more than that it is a commentary highlighting his dissatisfaction and disagreement with the Court's handling of this matter. The clear objective of the pleading is not to politely withdraw the suit admitting that Plaintiff lacked the funds to pay the fee, and instead, it is instead clearly an attempt to lambast the Court for requiring Plaintiff to follow the fee requirements that all inmates must satisfy. Plaintiff's Motion is not well taken against the backdrop of his litigation history. As the Court noted in May, Plaintiff had a filing bar from the Seventh Circuit that was just lifted in November of 2025 after being in place for more than a decade. The Seventh Circuit cautioned at the time they lifted the bar that if Plaintiff re-engaged in frivolous conduct, he may be subject to another bar. *Ford v. Lemke*, Case No. 13-2997 (7th Cir. Nov. 17, 2025 Order). Not even six months later Plaintiff has again decided to engage in conduct in this suit that is not appropriate and he has exhibited defiance to the Court's orders. This sort of conduct is unacceptable.

Courts possess authority to implement restrictions or filing bans for litigants who become unmanageable or whose litigation efforts needlessly absorb court resources. *See Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997), *and Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995); *see also Hoskins v. Dart,* 633 F.3d 541 (7th Cir. 2011) (discussing the district court's inherent authority to dismiss a case as a sanction); *Hughes v. Varga*, 2021 WL 3028145 (7th Cir. July 19, 2021) (finding that a court had inherent authority to dismiss a case with prejudice where the inmate litigant willfully abused the judicial process).  Though this Court will not impose a restriction or filing ban today, it finds it appropriate to sanction Plaintiff's filing of this suit and his callous attitude towards the Court's orders regarding his fee status with a monetary sanction.  Allowing Plaintiff to voluntarily dismiss this suit in an attempt to evade a fee would be improper. *See* 28 U.S.C. § 1915(b)(1); *Pope v. William*, 2019 WL 11585361 (N.D. Ill. Sept. 25, 2019) (dismissing two cases as a sanction and finding that plaintiff was still obligated to pay the full filing fee).

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Miscellaneous Relief (Doc. 12) is **DENIED**.  Plaintiff has failed to timely pay the $405 filing fee, so this matter will now be dismissed and the fee will remain intact.

The agency having custody of the plaintiff is directed to remit the $405.00 filing fee from his prison trust fund account if such funds are available. If he does not have $405.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher.

Thereafter, the agency shall begin forwarding monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account (including all deposits to the inmate account from any source) until the statutory fee of $405.00 is paid in its entirety. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of Court each time the Plaintiff's account exceeds $10.00 until the $405.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois. The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at Pontiac Correctional Center.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: July 14, 2026

DAVID W. DUGAN
United States District Judge